MEMORANDUM **
Felix Montalvo-Huaracha, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ *749 (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) order denying his application for cancellation of removal, and denying his motion to remand. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency’s finding of statutory ineligibility due to lack of continuous physical presence. See Lopez-Alvarado v. Ashcroft, 381 F.3d 847, 851 (9th Cir.2004). We review for abuse of discretion the denial of a motion to remand. See Malhi v. INS, 336 F.3d 989, 993 (9th Cir.2003). We review de novo claims of due process violations in removal proceedings. See Larita-Martinez v. INS, 220 F.3d 1092, 1095 (9th Cir.2000). We deny the petition for review.
Substantial evidence supports the agency’s determination that Montalvo-Huaracha failed to establish ten years continuous physical presence in the United States because Montalvo-Huaracha’s testimony regarding his absences from the United States was vague and inconsistent with the information set forth in his application for cancellation of removal, he had little documentary evidence prior to 1997, and his only witness testified that he was out of the United States for longer than four months in 1994. Cf. Lopez-Alvarado, 381 F.3d at 851-52 (in the absence of an adverse credibility finding, continuous physical presence established where male alien’s corroborating evidence was particularly strong and nothing in the record contradicted his claim).
The BIA did not abuse its discretion in denying Montalvo-Huaracha’s motion to remand based on new evidence because the evidence he submitted was previously available and could have been presented at the hearing. See INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Although his witness submitted an affidavit retracting her testimony regarding Montalvo-Huaracha’s absences from the United States, any attempt at rehabilitation could have been accomplished at the hearing because her retraction was based on second thoughts she had as opposed to any new evidence. See id. The remaining affidavits submitted with the motion were not material in that they only provided previously available evidence and failed to address Montalvo-Huaracha’s absences from the United States. See id.
Montalvo-Huaracha’s due process claim fails because he cannot show the BIA erred in denying his motion to remand. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (explaining that petitioner must show error to prevail on a due process challenge).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.